UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARCUS PROCTOR,<br><br>    Petitioner,<br><br>v.<br><br>J.A. BARNHART, Warden,<br><br>    Respondent. | Civil Action No. 6:19-CV-002-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Marcus Proctor has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that he should not have been sentenced as a career offender in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). [R. 1] This matter is before the Court to conduct an initial review of the petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In March 2012, Proctor agreed to plead guilty in Paducah, Kentucky to three counts of trafficking in crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C). For its part, the United States agreed not to file a notice under 21 U.S.C. § 851 which would have increased the sentence Proctor faced to a mandatory minimum of twenty years imprisonment. As part of the plea agreement, Proctor expressly:

> ... knowingly and voluntarily waive[d] the right (a) to directly appeal his convictions, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his convictions, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise.

1

Proctor had previously been convicted in Kentucky and Arkansas on drug trafficking charges. Based on those convictions, the trial court concluded that he had two or more convictions for "controlled substance offenses," and enhanced his sentence pursuant to the career offender provision found in Section 4B1.1 of the Sentencing Guidelines. In July 2012 the trial court sentenced Proctor to 188 months imprisonment. In 2017 Proctor filed a motion to vacate pursuant to 28 U.S.C. § 2255 to challenge his classification as a career offender in light of the Supreme Court's decision in *Mathis*. The trial court denied the motion as untimely, and the Sixth Circuit declined to issue a certificate of appealability. *United States v. Proctor*, No. 5: 11-CR-30-TBR (W.D. Ky. 2011) [R. 1, 22, 27, 32, 36, 44, 45 therein].

The habeas corpus petition filed by Proctor pursuant to 28 U.S.C. § 2241 reiterates his *Mathis* claim. However, Proctor's petition must be denied for several reasons. First, as part of his plea agreement Proctor knowingly and voluntarily waived his right to appeal or collaterally attack his conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *petition for cert. filed*, No. 18-6807 (Nov. 26, 2018). In his plea agreement, Proctor bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence by any means, whether by direct appeal or collateral attack. Proctor is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

In addition, Proctor may not assert his claims in a § 2241 petition. A prisoner must challenge his federal conviction or sentence by filing a § 2255 motion in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Under a narrow exception to this rule, a prisoner may challenge the enhancement of his federal sentence in a § 2241 petition, but only if: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Proctor fails to meet *Hill's* threshold requirement because he was sentenced in 2012, long after *Booker* rendered the sentencing guidelines advisory. *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, No. 6:18-CV-254-CHB, 2018 WL 6594539, at *3-4 (E.D. Ky. Dec. 14, 2018), *appeal filed*, No. 19-5010 (6th Cir. 2019). Proctor's petition thus constitutes an impermissible collateral attack and must be denied.

Accordingly, it is **ORDERED** as follows:

1. Marcus Proctor's petition for a writ of habeas corpus [**R. 1**] is **DENIED**.
2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court shall enter judgment consistent with this order.

This the 10th day of April, 2019.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY